SCIRICA, Chief Judge.
I concur with much of the majority’s analysis, in particular with its holding that a defendant need not satisfy the direct threat defense every time a safety qualification has an adverse impact on a disabled employee and also with its formulated jury instruction adapted from School Board of Nassau County v. Arline, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). I respectfully dissent only because in my view, the District Court’s instructions provided the jury with sufficient direction on how to correctly apply the law. Therefore, I would affirm.[3]
The majority holds “a judge’s instructions must make the jury aware of the same concerns that the Supreme Court addressed in Arline so that the jury does not rely on archaic or uninformed notions of what may be a business necessity.” Majority Opinion p. 17. I agree. Distilling Arline’s language, the majority states:
To be a business necessity, it must be reasonable, which means that it is well informed in the light of current objective medical knowledge considering the medically accurate nature of the risk, the duration of the risk, the severity of the *494 risk, and the probabilities that the disability will cause harm. The jury’s determination must not be based on unfounded fears. Although they should not simply defer their individual judgments to health professionals, they should consider the objective views of the medical experts.
Id. Believing such Arline — type instructions were lacking, the majority reverses. Although I endorse the clarity of the majority’s formulated jury instruction, I believe the Supreme Court’s directives in Arline were adequately covered here, even if the District Court did not employ the specific Arline language.
I agree with the majority “[tjhere is no good faith defense to discrimination.... ” Id. at 492. But the District Court did not provide a good faith defense instruction here. It instructed: “If you find that the defendant acted responsibly and reasonably under the law as I just explained it to you[,] you will have to find in favor of the defendant in this case.” (emphasis added). The court, therefore, did not instruct it was sufficient the defendant thought its actions were reasonable; the jury itself had to find those actions reasonable. And the jury’s assessment of “reasonableness” here is not a subjective test; the instructions stated “reasonably under the law,” which is an objective standard. “Under the law” tethers the juror’s concept of reasonableness to the law as explained by the District Court. In explaining the law, the court instructed:
[T]he plaintiff says he was fired because of his disability. And if he’s right he’s entitled to recover. Then the defendant says no, the decision to fire the plaintiff was based on an individual assessment of the plaintiffs condition, and the reasonable requirements of the defendant’s business, and if the defendant, in your judgment, is right or if you believe that, then he is not entitled to recover.
Moreover, the instructions provided sufficient direction that the business necessity be “well informed in the light of current objective medical knowledge.” Majority Opinion p. 17. As stated, the court instructed: “[T]he defendant says ... the decision to fire the plaintiff was based on an individual assessment of the plaintiffs condition, and the reasonable requirements of the defendant’s business.” The court also stated:
[Tjhis act does prohibit adverse employment decisions based on the disability, but it does not prohibit an adverse decision that is based on the proper and a reasonable and individualized review of an employee’s condition and the reasonable and proper necessities of the employer’s business.
(emphasis added). The Modern Federal Jury Instructions use the same term employed by the District Court — “individual assessment.” 5-88 A Modern Federal Jury Instructions-Civil P 88A.03, Form Instruction 88A-18 Direct Threat (“Whether plaintiff posed a direct threat should be determined on the basis of an individual assessment of the plaintiff and not on the basis of generalizations associated with the disability.”) (emphasis added).
Furthermore, in assessing defendant’s contention it made the firing decision based on the individual assessment and the reasonable requirements of defendant’s business, the jury would necessarily consider factors such as “the duration of the risk, the severity of the risk, and the probabilities that the disability will cause harm.” Majority Opinion p. 493. As the majority notes, “[biased on the experts’ testimony, and Verzeni’s own account of his condition, a reasonable jury could *495 clearly consider the risk of harm based on objective medical testimony and conclude that the Postmaster’s fit for duty qualification standard was job related and consistent with business necessity.” Id. at 492.
In addition to the specific business necessity defense instructions, the District Court provided general direction on the obligation to set aside any possible discriminatory attitudes. The court instructed: “When you serve on a jury it’s not your job to make a decision based on prejudice or hatred or love or affection or bad feelings or ill will. None of that is important in this case.” And the court reiterated: “[Y]our verdict should not be made out of anger or distrust or bad feeling or good feeling towards or against anybody or any other matters that are involved that are not proper in this case.... ” While this instruction could have been more specific, by coupling these general admonitions with specific business necessity defense instructions like “this act ... prohibits] adverse employment decisions based on the disability,” the District Court was sufficiently careful to ensure the jury made its decision on the facts of the case and not on prejudice or bias.
For the foregoing reasons, I would affirm.

. Part of the jury instructions provided:
You must decide here whether the plaintiff proved that the defendant did not act in a reasonable or responsible way under the law when it reviewed the plaintiff’s condition and reviewed the doctors' and other reports that it had and decided to fire the plaintiff because he was not fit for his duties as a postal employee. If you find that the defendant acted responsibly and reasonably under the law as I just explained it to you you will have to find in favor of the defendant in this case.
And that members of the jury, is true, because as I said to you in the very beginning, that this act does prohibit adverse employment decisions based on the disability, but it does not prohibit an adverse decision that is based on the proper and a reasonable and individualized review of an employee's condition and the reasonable and proper necessities of the employer’s business.
I restate to you that in capsulizing what the arguments are in this case, that the plaintiff says he was fired because of his disability. And if he’s right he’s entitled to recover. Then the defendant says no, the decision to fire the plaintiff was based on an individual assessment of the plaintiff's condition and the reasonable requirements of the defendant’s business, and if the defendant, in your judgment, is right or if you believe that, then he is not entitled to recover.